# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAURICE PEARSON, JR.,

    Plaintiff

  v.

WARDEN ROBERT J. KARNES, *et al.*,

    Defendants

CIVIL NO. 3:CV-10-0058

(Judge Caputo)

# M E M O R A N D U M

## I.   Introduction

Plaintiff Maurice Pearson, an inmate confined at the Lebanon County Prison, in Lebanon, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the following individuals employed at the county prison during the relevant time period: Robert J. Karnes, Warden; Bill Christner, Corporal; and Claude Mease, Corrections Officer (CO). On March 10, 2009, the defendants filed a Motion to Dismiss the Complaint. To date, Plaintiff Maurice Pearson has not filed a brief in opposition to the motion to dismiss or otherwise communicate with the Court seeking an enlargement of time to do so. Although the motion is deemed unopposed, the Court has reviewed the motion on the merits and concludes that it should be granted.

**II.     Statement of Facts**

At all times relevant to this lawsuit, Mr. Pearson was housed as an administrative inmate in the Special Housing Unit (SHU) at the Lebanon County Prison.  Doc. 1, Compl.  On April 13, 2009, at approximately 1:35 a.m., CO Claude Mease opened his cell door at the same time as another administrative inmate's door was opened.  Mr. Pearson states that the he and the other inmate "weren't supposed to be out at the same time."  *Id*.  According to Mr. Pearson, he and the other inmate got into a fight and he injured the ring and pinky finger on his right hand.  *Id*.  He was immediately escorted to the medical unit by Cpl. Christner.  *Id*.  The nurse who examined him stated she could not tell if his hand was broken without x-rays.  *Id*.  Plaintiff was then sent back to his cell with an ice pack.  *Id*.  Approximately seven and a half hours later, at 8:00 a.m., Maurice Pearson was taken to the local hospital's Emergency Room.  *Id*.  His hand was x-rayed and placed in a cast.  *Id*.  Seven days later he underwent hand surgery.  *Id*.  Plaintiff claims his hand is not completely healed and he has lost some of his grip.  *Id*.  Mr. Pearson claims prison officials violated his rights, and seeks injunctive and declaratory relief, along with damages and an investigation of the prison.  *Id*.

**III.     Standard of Review**

On a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the [plaintiff], and determine whether, under any reasonable reading of the complaint, the [plaintiff] may be

entitled to relief.'" *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010)(quoted case omitted). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). Although detailed factual allegations are not required, *Twombly*, 550 U.S. at 93, 127 S.Ct. at 2200, the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974; *see also Santiago v. Warminster Tp.*, 629 F.3d 121, 128 (3d Cir. 2010). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court " 'is not bound to accept as true a legal conclusion couched as a factual allegation.' " *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

On March 19, 2010, the defendants filed a motion to dismiss this complaint, and supporting brief. Docs. 11 and 12. Eleven months have now elapsed without Mr. Pearson filing a response or seeking an enlargement of time to file such a response.

> Local Rule 7.6 provides that the party against whom the
> motion and brief have been filed must file a brief in

> opposition to the moving party's motion, together with
> any opposing evidentiary material, such as affidavits,
> deposition transcripts, or other documents, within
> fourteen (14) days after service of the moving party's
> brief on the opposing party. If the party opposing the
> motion does not file his or her brief and any evidentiary
> material within the 14-day time frame, Local Rule 7.6
> provides that he or she shall be deemed not to oppose
> the moving party's motion.

Doc. 5, Standing Practice Order.  On these facts, Mr. Pearson is not in compliance with this Court's Standard Practice Order and has demonstrated an inability or unwillingness to further litigate this matter which he initiated.  Such failure to communicate with the Court only frustrates our ability to resolve this matter.  Nonetheless, the Court will conduct a merits review of the defendants' motion to dismiss.  Plaintiff is forewarned that any future failure to submit an opposing brief to motions filed by Defendants may result in the motion being deemed unopposed and granted without a merits analysis.

**IV.     Discussion**

Liberally construing the gravamen of this Complaint, Maurice Pearson suggests that prison officials violated his Eighth Amendment rights by: (1) failing to protect him from a fellow inmate; and (2) displaying "deliberate indifference" to his medical needs.

**A.     Failure to State A Claim against Warden Karnes**.

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law;

-4-

and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongs is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). There is no *respondeat superior* liability in § 1983 actions. *Evancho*, 423 F.3d at 353.

Based upon the above legal standards, Warden Robert J. Karnes is entitled to dismissal of the Complaint against him because Mr. Pearson has not plead any direct involvement by Warden Karnes in the alleged Eighth Amendment violations. As Maurice Pearson has not pled any basis of liability in Warden Karnes' own acts but, instead, has alleged only a theory of *respondeat superior* liability, which cannot serve as the basis of a claim for constitutional violations, his claims against Warden Karnes will be dismissed.

### B. Eighth Amendment Failure to Protect Claim.

Mr. Pearson alleges that when CO Mease opened his RHU cell door, another inmate assaulted him. In essence, Plaintiff alleges that CO Mease failed to protect him from this attack.

To effectively plead an Eighth Amendment failure to protect claim, a plaintiff must allege that he endured conditions "posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811

(1994). Additionally, the correctional officer who is alleged to violate the Eighth Amendment must have demonstrated "deliberate indifference" to the inmate's health or safety. *Id*. at 835, 114 S.Ct. at 1977. Prison officials exhibit deliberate indifference when they know of, and disregard, an excessive risk to the inmate's safety. *Id.* Therefore, negligence, or a lack of due care under the circumstances, is insufficient to support a claim that the defendants failed to protect the prisoner. *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). An officer has a duty to take reasonable steps to prevent a victim from another officer's use of excessive force, but "an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002).

Judged against these standards, Mr. Pearson fails to properly state an Eighth Amendment failure to protect claim against CO Mease, or any other named defendant. To state a viable Eighth Amendment failure to protect claim against CO Mease, Mr. Pearson must set forth facts that CO Mease was aware, or should have been aware, of a substantial risk of harm to him and disregarded it. The allegations of the Complaint do not satisfy this standard. There is not a hint that CO Mease was aware that the other inmate would assault Mr. Pearson, or vice versa. At most, Mr. Pearson's allegations might support a claim that CO Mease was negligent in opening his door at the same time the other inmate's door was opened. Allegations of negligence, however, are not sufficient to maintain an action under 42 U.S.C. § 1983. *See* Daniels v. Williams, 474 U.S. 327, 331-32, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)(confirming that negligent acts of officials which cause

unintended loss or injury do not rise to a constitutional level). As stated, Mr. Pearson's current allegations against CO Mease fail to state an Eighth Amendment clain, and thus, are subject to dismissal.

**C. Eighth Amendment Denial of Proper Medical Care.**

Mr. Pearson alleges that Cpl. Christner exhibited deliberate indifference to his serious medical need, his injured hand, for approximately seven and a half hours before taking him to an outside Emergency Room for x-rays. Doc. 1, Compl.

The Eighth Amendment "requires prison officials to provide basic medical treatment" for those "incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish a medical claim based on the Eighth Amendment, an inmate must allege (1) acts or omissions by prison officials sufficiently harmful (2) that show deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

The inmate must satisfy this two-part conjunctive test. Without the requisite mental state, a prison official's conduct alone will not constitute dseliberate indifference. *See Farmer,* 511 U.S. at 837-38, 114 S.Ct. at 1979. To be deliberately indifferent, a prison official must know of, and disregard, an excessive risk to inmate health or safety. *Id.,* 511 U.S. at 837-38, 114 S.Ct. at 1979. Deliberate indifference can be shown by a prison official "intentionally denying or

-7-

delaying access to medical care or intentionally interfering with [medical] treatment once prescribed." *Estelle*, 429 U.S. at 104-05, 97 S.Ct. at 291. Next, plaintiff must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); *see also Monmouth Cnty. Corr. Instit. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Here, Mr. Pearson may be able to show a serious medical problem because he has alleged his hand was broken and needed corrective surgery. However, the facts as alleged by Plaintiff do not show that Cpl. Christner was deliberately indifferent to his serious medical need or delayed his medical treatment for non-medical reasons. Maurice Pearson avers Cpl. Christner promptly took him to the medical unit after the fight. There he was evaluated by a nurse who indicated she could not determine whether Plaintiff's hand was broken without an x-ray. Mr. Pearson was given an ice pack and returned to his cell. Less than eight hours later, when the next shift arrived, he was taken to the outside hospital. Indeed, if anything

-8-

Mr. Pearson alleges that Cpl. Christner was negligent in waiting until the next shift arrived, at 8 a.m., to transport him to the local hospital for further treatment. Moreover, Plaintiff does not allege that the nurse insisted, or directed, or ordered Cpl. Christner to transport Maurice Pearson to the outside hospital immediately, or at any time earlier than when he was taken. Plaintiff does not suggest that Cpl. Christner overrode or ignored the nurse's decision with regard to his medical care. There are no averments the nurse or Cpl. Christner believed Mr. Pearson to be suffering from a life threatening injury and elected to delay treatment for the purpose of causing harm or suffering. Additionally, there is no suggestion that the relatively brief interval of time between when Mr. Pearson was evaluated in the institution's infirmary and when he was transported to the outside hospital resulted in any substantial harm or aggravation of his condition. The approximate seven and a half hours he waited before being transported to an outside facility for x-rays is relatively brief and is not indicative of deliberate indifference.

Assessed against the facts asserted in the Complaint, Cpl. Christner's actions in the intervening time between Mr. Pearson's injury and his transport to the local hospital certainly cannot be categorized as deliberately indifferent. Mr. Pearson's claim that Cpl. Christner was deliberately indifferent to his serious medical need is conclusory in nature and not supported by the facts alleged in the Complaint.

**V.     Conclusion**

Maurice Pearson's claims against Warden Karnes will be dismissed for lack of personal involvement. Plaintiff's Eighth Amendment claims will also be dismissed

-9-

for failure to state a claim. However, the Court will provide Mr. Pearson with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. *Iqbal*, 129 S.Ct. at 1948-49. Although accepted as true, the "factual allegations must be [sufficient] to raise a right to relief above the speculative level ..." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (citations omitted). Finally, an amended complaint supercedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." Pa. M.D. Local Rule 15.1. Therefore, all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.

Plaintiff is cautioned that if he fails to file an amended complaint, or fails to the Court will dismiss the action against all defendants for failure to state a claim.

An appropriate order will follow.

/s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date: March 10, 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE PEARSON, JR.,<br><br>    Plaintiff<br><br>  v.<br><br>WARDEN ROBERT J. KARNES, *et al.*,<br><br>    Defendants | CIVIL NO. 3:CV-10-0058<br><br>(Judge Caputo) |

# O R D E R

**AND NOW**, this **10th** day of **MARCH, 2011**, in accordance with the accompanying Memorandum, it is ordered that:

1. Defendants' Motion to Dismiss (doc. 11) is granted.

2. Plaintiff has twenty-one (21) days to file an amended complaint curing the deficiencies identified by the Court in our accompanying Memorandum.

3. The amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the Complaint already filed.

4. Failure to submit an amended complaint in accordance with the requirements of the accompanying memorandum will result in the dismissal of the complaint without prejudice.

5. The Clerk of Court is directed to send Plaintiff two (2) copies of this Court's form civil-rights complaint which Plaintiff shall use for his amended complaint should he chose to file one.

                                                   **/s/ A. Richard Caputo**
                                                   **A. RICHARD CAPUTO**
                                                   **United States District Judge**